IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


ANNIE J. JOINER
and WILLIE E. JOINER                                                              PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:17CV61-MPM-RP

PANOLA COUNTY COURTHOUSE et al                                     DEFENDANTS


**ORDER**

This cause comes before the court on the motion of defendants Panola County, Mississippi, Mississippi Farm Bureau and Tallahatchie Valley Electric Power Association ["TVEPA"] to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Panola County has filed an alternative motion for a more definite statement, pursuant to Fed. R. Civ. P. 12(e). This court, having considered the memoranda and submissions of the parties, concludes that the motion for more definite statement should be granted.

This is a *pro se* action in which plaintiffs seek recovery in connection with their recording of a deed at the Panola County courthouse. The complaint in this case is exceedingly vague and difficult to follow, and defendants have filed motions to dismiss which, in this court's view, raise valid concerns about whether claims are properly asserted against them. The Complaint in this case begins as follows:

> I Willie Edward Joiner do hereby have a complaint against the Panola County Courthouse in Batesville, MS. The Complaint is that the Panola County Courthouse staff interrupt/interrupted my quitclaim deed improperly because of this misunderstanding has caused pain and suffering upon my family and me. As well they have caused some major corporations to follow suit. Panola County Courthouse caused my electric to be turned off, caused imitate reaction of oneself

not to have home insurance to protect my home and myself.

(Complaint, D.E. 2).

Defendants note that the Complaint proceeds to describe "real property interest in which [Joiner] fairly gain through a tax sale," and further appears to identify the property at issue, language contained in land records not attached to the Complaint and Mr. Joiner's understanding of some of the terms of the land records. (*Id*). The Complaint then continues:

> Therefore because Panola County Courthouse gave wrong information to several companies/organizations for this purpose I am suing Panola County Courthouse for the amount in being $100,000,000.00 [one hundred million dollars] for violating my family and my Civil Rights in not allowing us access to our property, instead allowing the previous owners access.

(*Id.*). Plaintiffs also submitted what defendants characterize as an "amended complaint" but which appears to be closer to an addendum to the original complaint, since it merely adds a demand for specific monetary relief against additional defendants.

Defendants argue, and this court agrees, that the language of these pleadings fails to assert a coherent cause of action against any of them. This court also notes its concerns regarding whether it even has *jurisdiction* over this case, since the complaint fails to assert any specific federal cause of action. Defendants removed this case on the basis of federal question jurisdiction, asserting that "[t]here is a federal question in this matter apparent from the face of plaintiff's complaint which asserts causes of action created by federal law and pleads federally created right." [Removal petition at 3]. In light of the complaint's language quoted above, however, this court has entertained some doubts about whether this is actually the case. Nevertheless, this court does acknowledge that the complaint's reference to "civil rights" violations and its allegations that the wrongful actions of county employees interfered with

plaintiffs' property rights seems closer to a 42 U.S.C. § 1983 complaint asserting Fourteenth Amendment violations than any other cause of action it can think of. This court also notes that plaintiffs did not file a motion to remand or otherwise contest federal jurisdiction. To the contrary, in a letter to the Magistrate Judge found at docket entry 15, they assert that their "Constitutional Rights have been step on" and they make it clear that they wish for this case to proceed in this court. This is sufficient to satisfy this court's jurisdictional concerns.

While this court thus concludes that it has jurisdiction over this case, it reiterates that the complaint which plaintiffs drafted fails to assert a valid cause of action against any defendant. If this court were dealing with parties represented by counsel then that would almost certainly end the matter, and it would simply grant defendants' motion to dismiss. This court is dealing with *pro se* litigants, however, and it is certainly understandable that they do not grasp the legal distinctions discussed above. It is well settled that *pro se* pleadings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and this court is accordingly willing to give plaintiffs second chances which it would not give parties who were represented by counsel.

That brings this court to the fact that Panola County has alternatively filed a motion for more definite statement under Fed. R. Civ. P. 12(e). Rule 12(e) allows a party to request a more definite statement with respect to a "pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This court concludes that the complaint in this case is, in fact, so vague or ambiguous that defendants cannot reasonably prepare a response, and that Panola County's motion for a more definite statement should be granted. This court accordingly directs that plaintiffs file a new complaint, hopefully prepared with the assistance of counsel, which coherently states exactly what claims

they assert against each defendant. Given plaintiffs' evident lack of familiarity with the law, it recognizes that drafting such a complaint will prove a significant challenge for them, and it will accordingly give them until January 15, 2018 to do so.[1]

It is therefore ordered that Panola County's motion [5-1] to dismiss, or, alternatively for a more definite statement is granted in part and denied in part. Plaintiffs shall file an amended complaint setting forth their claims against each defendant on or before January 15, 2018. The motions to dismiss [17-1, 20-1] filed by other defendants in this case will be dismissed without prejudice to their ability to once again seek dismissal after the new complaint is filed.[2]

So ordered, this, the 29th day of November, 2017.

                                         **/s/ MICHAEL P. MILLS**
                                         **UNITED STATES DISTRICT JUDGE**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] Panola County urges this court to require that such a pleading be filed within two weeks, but this court regards this suggested deadline as being unduly strict, considering plaintiffs' limited knowledge of the law.

[2] In the court's view, defendants would be well advised to consider waiting until after at least some discovery has been taken before filing a motion for summary judgment, as opposed to another Rule 12 motion to dismiss. For example, the taking of plaintiffs' depositions would likely assist this court in determining whether it is dealing with plaintiffs with potentially legitimate claims who simply lack the legal expertise to properly draft a complaint. Litigation is a search for truth, and, generally speaking, this court is considerably more willing to grant Rule 56 summary judgment after discovery than to grant Rule 12 dismissal based solely on the pleadings. This is particularly true when dealing with plaintiffs, such as the ones here, who appear to lack the legal expertise to properly draft a complaint.