IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNIE J. JOINER
and WILLIE E. JOINER                                                                      PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 3:17CV61-MPM-RP

PANOLA COUNTY COURTHOUSE et al                                                       DEFENDANTS

**ORDER**

On November 29, 2017, this court entered an order, in response to motions to dismiss filed by defendants, in which it wrote that the complaint filed by the *pro se* plaintiffs in this case "fails to assert a coherent cause of action against any of" the defendants. [Slip op. at 2]. This court further wrote that:

> If this court were dealing with parties represented by counsel then that would almost certainly end the matter, and it would simply grant defendants' motion to dismiss. This court is dealing with *pro se* litigants, however, and it is certainly understandable that they do not grasp the legal distinctions discussed above. It is well settled that *pro se* pleadings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and this court is accordingly willing to give plaintiffs second chances which it would not give parties who were represented by counsel.

[*Id.* at 3].

In electing to give the *pro se* plaintiffs a second chance to file a coherent complaint, this court granted defendants' alternative motion for more definite statement under Fed. R. Civ. P. 12(e), writing that:

> This court concludes that the complaint in this case is, in fact, so vague or

1

> ambiguous that defendants cannot reasonably prepare a response, and that Panola County's motion for a more definite statement should be granted. This court accordingly directs that plaintiffs file a new complaint, hopefully prepared with the assistance of counsel, which coherently states exactly what claims they assert against each defendant. Given plaintiffs' evident lack of familiarity with the law, it recognizes that drafting such a complaint will prove a significant challenge for them, and it will accordingly give them until January 15, 2018 to do so.

[*Id.* at 3-4]. Thus, this court granted plaintiffs more time to draft a new complaint than it would have granted to parties represented by counsel, but they submitted no such amended complaint or, for that matter, any acknowledgment whatsoever of this court's order. Moreover, after the January 15 deadline passed, defendants filed renewed motions to dismiss, to which plaintiffs have failed to submit any response.

In the court's view, plaintiffs' failure to respond to defendants' renewed motions to dismiss counts as "strike three" against them, and it now agrees with defendants that this case is ripe for dismissal for failure to prosecute. This court will, however, make this dismissal without prejudice, since it can not rule out the possibility that plaintiffs might, at some later date, be able to secure counsel who manages to assert their legal claims in some coherent form. At this juncture, this court is unable to even determine the nature of the plaintiffs' claims in this case, and it is accordingly not in a position to say whether they might at least potentially have merit, if asserted by competent counsel. At the same time, this court recognizes that defendants are being forced to incur significant expense in defending against this matter, and it is unwilling to force them to carry this burden any longer, based upon the incoherent complaint in this case.

It is therefore ordered that defendants' renewed motions to dismiss [27-1, 28-1] are granted, and this case is hereby dismissed for failure to prosecute.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 20th day of February, 2018.

                                        **/s/ MICHAEL P. MILLS**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**